UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACUSHNET COMPANY, a Delaware corporation,<br><br>          Plaintiff,<br><br>     v.<br><br>YONG SEUNG YOO a/k/a YOUNGSEUNG YOO a/k/a YONG YOO a/k/a SINCLAIR CHOCO JOHNSON, an individual, NAMJIN LIM a/k/a/ NAMJIN JEREMIAH LIM, an individual, and KYUNGA KRISTEN LIM a/k/a KYUNGA LIM aka KRISTEN LIM a/k/a/ KYUNG LIM a/k/a/ KRISTEN YOO, an individual and jointly, dba LOENDLESSVE d/b/a SINCLAIR0923 d/b/a JEREMIAH0701 and Does 1-10,<br><br>          Defendant. | Case No.: 13-CV-2632 MMA (NLS)<br><br>**ORDER GRANTING JOINT MOTION FOR JUDGMENT AND PERMANENT INJUNCTION**<br><br>[Doc. No. 28] |

WHEREAS, this action having been commenced by Plaintiff Acushnet Company ("Acushnet" or "Plaintiff") against the Defendants, Yong Seung Yoo a/k/a Youngseung Yoo a/k/a Yong Yoo a/k/a Sinclair Choco Johnson, an individual ("Johnson"); Namjin Lim a/k/a Namjin Jeremiah Lim, an individual ("Namjin Lim") and Kyunga Kristen Lim a/k/a Kyunga Lim a/k/a Kristen Lim a/k/a Kyung Lim a/k/a Kristen Yoo, an individual ("Kristen Lim") (collectively, the "Lims"), individually

and jointly, d/b/a loendlessve d/b/a sinclair0923 d/b/a jeremiah0701 (collectively, the "Defendants"), alleging *inter alia*, trademark infringement, trademark counterfeiting, and false designation of origin and having resolved this dispute, and the Plaintiffs and the Defendants having stipulated to the entry of this consent final judgment and permanent injunction, the Court makes the following permanent findings and conclusions:

**IT IS ORDER, ADJUDGED AND DECREED** that:

1. The parties' Joint Motion for Entry of Consent Final Judgment and Permanent Injunction is **GRANTED**.

2. This Court has jurisdiction of the subject matter of all counts of this action and over all of the named parties hereto.

3. Acushnet is the owner, and/or exclusive licensee, of the following United States Federal Trademark Registrations:

| Trademark | Registration Number | Registration Date | Class(es)/Goods |
|---|---|---|---|
| *Titleist* | 1,273,662 | April 10, 1984 | IC 25 – Clothing – namely, shirts |
| FJ | 2,697,555 | March 18, 2003 | IC 25 – Vests, jackets, pants, belts, hats, golf shoes and socks |
| FOOT-JOY | 2,163,931 | June 9, 1998 | IC 25 – Articles of clothing, namely, jackets, pullovers, pants, rainwear, socks, gloves, hats and visors |
| TITLEIST | 0,933,271 | May 2, 1972 | IC 25 – Clothing, more specifically, sweaters, shirts and jackets |

Case No. 13-CV-2632 MMA (NLS)

2

All of these United States Trademark Registrations are registered in International Class 25 and used in connection with the manufacture and distribution of, among other things, high quality clothing products, including shirts (collectively the "Acushnet Marks").

4. Defendants and their respective officers, agents, servants, employees, and attorneys, and all persons in active concert and participation with them, without any admission as to liability and/or any past or present infringement of the Acushnet Marks, are, without prejudice as to any defenses already made or available as a matter of law or equity, hereby **PERMANENTLY RESTRAINED AND ENJOINED FROM**, intentionally and/or knowingly:

A. manufacturing or causing to be manufactured, importing, advertising, or promoting, distributing, selling or offering to sell counterfeit and infringing goods; bearing the Acushnet Marks;

B. using the Plaintiff's Marks in connection with the manufacturing and/or sale of any unauthorized goods;

C. using any logo, and/or layout which may be calculated to falsely advertise the services or products of the Defendant as being sponsored by, authorized by, endorsed by, or in any way associated with the Plaintiff;

D. using any reproduction, counterfeit, copy, or colorable imitation of the Acushnet Marks in connection with the publicity, promotion, sale or advertising of any goods sold by the Defendants, including, without limitation, clothing, including shirts;

E. affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent

               the Defendant's goods as being those of the Plaintiff, or in any way endorsed by the Plaintiff;

    F.    offering such goods in commerce; and from otherwise unfairly competing with the Plaintiff;

    G.    secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting or displaying of all unauthorized products which infringe the Acushnet Marks; and

    H.    effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (A) through (G).

5.    All items bearing the Acushnet Marks, or any substantially similar trademarks, currently in the possession, custody or control of the Defendants shall be surrendered to Plaintiff, through its counsel, to be destroyed at Plaintiff's instruction. All right, title and interest in and to the surrendered items is hereby transferred to the Plaintiff.

6.    Any party shall have the right to seek sanctions for contempt, compensatory damages, injunctive relief, attorneys' fees, costs, and such other relief deemed proper in the event of a violation or failure to comply with any of the provisions hereof.  The prevailing party in any such proceeding shall be entitled to recover its attorneys' fees and costs.

7.    Final Judgment is hereby entered in favor of Plaintiff and against the Defendants.  This Consent Final Judgment shall be conclusive for purposes of

collateral estoppel regarding all issues that have been or could have been brought on the same operative facts.

8. The parties' respective attorney's fees and costs incurred in connection with this action shall be borne as per the agreement of the individual parties in their Settlement Agreement.

9. This Court will retain continuing jurisdiction over this cause to enforce the terms of this Consent Final Judgment and the Settlement Agreement between the parties.

**IT IS SO ORDERED.**

Dated: March 4, 2014

Hon. Michael M. Anello
United States District Judge